# **<u>Exhibit A</u>**

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**ABRAHAM M. NASSER,**

    Plaintiff,

Vs.                                Case No:  20-       -NI
                                              Hon.

**KEVIN AINSLEY GRAVES, &**
**URSA LOGISTICS - JB LEASE CORPORATION.,**
A Foreign Corporation,

    Defendant(s).

---

**YATOOMA & ASSOCIATES, P.C.**
**DANIELLE S. YATOOMA (P48979)**
**PAUL J. WAYNER (P73129)**
**GUILLIANA J. YATOOMA (P82480)**
**JASON F. HAGELTHORN (P73728)**
Attorneys for Plaintiff
29777 Telegraph Rd., Ste. 2400
Southfield, MI  48034
(248) 353-8885 Telephone
(248) 353-1326 Facsimile
yatoomalaw@gmail.com

---

## COMPLAINT

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge. MCR 2.113(C)(2)(b).

NOW COMES Plaintiff, **ABRAHAM M. NASSER**, by and through his attorneys, YATOOMA & ASSOCIATES, P.C., and hereby makes his Complaint against Defendants, **KEVIN AINSLEY GRAVES & URSA LOGISTICS - JB LEASE CORPORATION.,** a Foreign corporation, jointly & severally, as follows:

1

1. That Plaintiff, **ABRAHIM M. NASSER** is a resident of the City of Dearborn, County of Wayne, State of Michigan.

2. That Defendant, **KEVIN AINSLEY GRAVES**, was a resident of the City of Erie, County of Erie, State of Pennsylvania.

3. That Defendant, **URSA LOGISTICS - JB LEASE CORPORATION.,** a Foreign corporation, is licensed to do business in the United States, and based in the City of Oak Creek, County of Milwaukee, State of Wisconsin.

4. That the amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of costs, interests and attorneys' fees.

5. That on or about March 16, 2018, at approximately 4:59 p.m., Plaintiff, **ABRAHIM M. NASSER**, was the driver of a 2015 Ford when Defendant, **KEVIN AINSLEY GRAVES**, the driver of a 2016 Freightliner collided into Plaintiff's vehicle in the City of Dearborn, County of Wayne, State of Michigan.

## COUNT I

**(STATUTORY LIABILITY OF URSA LOGISTICS - JB LEASE CORPORATION.,
a Foreign corporation)**

6. Plaintiff, **ABRAHIM M. NASSER**, incorporates paragraph 1 through 5 as though set forth herein in full.

7. At all relevant times Defendant **URSA LOGISTICS - JB LEASE CORPORATION.,** a Foreign corporation, were the owners within the meaning of MCL 257.401 of a 2016 Freightliner which Defendant **KEVIN AINSLEY GRAVES** was driving with the express and implied consent of Defendants, **URSA LOGISTICS - JB LEASE CORPORATION**., at the time of collision.

8. Defendants, **URSA LOGISTICS - JB LEASE CORPORATION.,** have civil

liability to Plaintiff for the negligent operation of their vehicle driven by Defendant, **KEVIN AINSLEY GRAVES**.

9. At said time and place, Defendant **KEVIN AINSLEY GRAVES**, was negligent when he struck Plaintiff, causing him grievous injuries resulting in serious impairment of body function, permanent serious disfigurement, non-economic losses and excess economic losses hereinafter complained of and demanded as damages.

10. That on said date and time, Defendant, **KEVIN AINSLEY GRAVES**, was operating a 2016 Freightliner owned or leased by Defendants, **URSA LOGISTICS - JB LEASE CORPORATION.**, a Foreign corporation, with their expressed or implied approval, and, as such, Defendants **URSA LOGISTICS - JB LEASE CORPORATION,** a Foreign corporation, and is responsible for the negligent acts of the Defendant driver **KEVIN AINSLEY GRAVES**.

## COUNT II
**(VICARIOUS LIABILITY OF URSA LOGISTICS - JB LEASE CORPORATION.)**

11. Plaintiff, **ABRAHIM M. NASSER**, incorporates paragraph 1 through 10 as though set forth herein in full.

12. This lawsuit arises out of the negligent operation of a motor vehicle owned by Defendant, **URSA LOGISTICS - JB LEASE CORPORATION.**, which was operated on the date and time herein complained of by its employee and authorized driver, Defendant, **KEVIN AINSLEY GRAVES.**

13. That on March 16, 2018, Defendant, **URSA LOGISTICS - JB LEASE CORPORATION.**, a Foreign corporation, was the employer of Defendant, **KEVIN AINSLEY GRAVES,** who was in the course and scope of his employment with

3

Defendant **URSA LOGISTICS - JB LEASE CORPORATION.**, and was driving a motor vehicle owned by Defendant, **URSA LOGISTICS - JB LEASE CORPORATION.**, with the consent and knowledge of Defendant, **URSA LOGISTICS - JB LEASE CORPORATION.**

14. That Defendant, **URSA LOGISTICS - JB LEASE CORPORATION.**, is vicariously liable for the negligent action of its employee, Defendant, **KEVIN AINSLEY GRAVES.**

## COUNT III
### (NEGLIGENCE OF KEVIN AINSLEY GRAVES & URSA LOGISTICS - JB LEASE CORPORATION.)

15. Plaintiff, **ABRAHIM M. NASSER**, incorporates paragraph 1 through 14 as though set forth herein in full.

16. That contrary to the duties owed to Plaintiff, **ABRAHIM M. NASSER**, Defendants, **KEVIN AINSLEY GRAVES,** and **URSA LOGISTICS - JB LEASE CORPORATION.**, a Foreign corporation, were negligent and breached said duties in that Defendants, **URSA LOGISTICS - JB LEASE CORPORATION.**, a Foreign corporation, allowed their vehicle to be operated by a reckless, careless and incompetent driver in violation of sec. 527.401 of the Motor Vehicle Code of the State of Michigan resulting in Plaintiff's injuries indicated in paragraph of this complaint.

17. That as a direct and proximate cause of the collision, Plaintiff sustained the following injuries and losses:

    a. Injuries to head;
    b. Injuries to neck;
    c. Injuries to back;
    d. Injuries to shoulders, elbows, and arms;

4

    e.    Injuries to hands, knees, legs and feet;
    f.    Medical expenses, past, present and future;
    g.    Wage loss or actual future loss of earnings to the extent that such losses are recoverable in excess of the no-fault statutory monthly and yearly maximums that are found to apply to the cause;
    h.    Pain and suffering, past, present and future;
    i.    Humiliation, past, present and future;
    j.    Emotional distress, past, present and future;
    k.    Loss of vitality of life, past, present and future;
    l.    Other damages, injuries, and consequences that are found to be related to the automobile accident that developed during the course of discovery, to the extent that the damages are recoverable under the Michigan No-Fault Insurance Act.

18. That Defendant, **KEVIN AINSLEY GRAVES**, owed a duty to Plaintiff to drive with due care and caution in the operation and control of his vehicle, and was required to drive with care and circumspection so as to reasonably protect the safety, health, life and property of Plaintiff, and to obey the Motor Vehicle Code of the State of Michigan, and the rules of common law.

19. That Defendant, **KEVIN AINSLEY GRAVES**, breached said duties by:

    a.    *Drove a motor vehicle upon the highway in a careless, reckless and wanton manner, in total disregard of the rights and safety of others lawfully upon the highway in violation of MSA 9.2326, and appropriate amendments thereto;*

    b.    *Failed to maintain a proper lookout and in otherwise negligently operating a motor vehicle upon the highway, so as to cause a collision, injury and harm to Plaintiff, in violation of MSA 9.2102, 9.2343 and 9.2327, and appropriate amendments thereto;*

    c.    *Drove a motor vehicle upon the highway at a rate of speed greater than would permit it to be stopped within the assured clear distance ahead;*

    d.    *Failed to make proper observations of the conditions of the highway and any other conditions then and there existing;*

5

e. *In Defendant owner entrusted his/her motor vehicle to Defendant driver, when Defendant owner knew, or in the exercise of reasonable care should have known, Defendant had a bad driving record;*

f. *Crossed the center line in violation of the statutes of the State, as amended;*

g. *Drove a motor vehicle while under the influence of intoxicating beverages and/or drugs;*

h. *Failed to yield the right-of-way to the vehicle of Plaintiff which was proceeding in his own lane of traffic;*

j. *Entered an intersection before seeing that such movement could be made in safety;*

k. *Drove an automobile in a grossly negligent manner;*

l. *Failed to sound a horn to give warning of an impending peril to Plaintiff;*

m. *Saw Plaintiff to be in a position of peril from which he/she could not extract himself/herself, and striking Plaintiff when he/she had the last clear chance to avoid doing so;*

n. *Drove a motor vehicle at a rate of speed in excess of the posted speed law;*

o. *Drove a motor vehicle in an erratic manner so as to cause Plaintiff to be thrown about the vehicle causing injury and harm to Plaintiff;*

p. *Drove a motor vehicle at an excessive rate of speed considering the weather conditions then and there existing;*

q. *Improperly changing lanes before seeing that such movement could be made in safety;*

r. *Drove a motor vehicle in a reckless and erratic manner in total disregard of the rights and safety of others, which conduct and state of mind, under the facts and circumstances, amounted to gross negligence and in violation of MSA 9.2326;*

6

    s.    *Failed to have his/her motor vehicle equipped with brakes adequate to control the movement of, and to stop and hold such vehicle, including two separate means of applying the brakes to at least two wheels, in violation of MSA 9.2405;*

    t.    *Failed to use the available brakes with which the car was equipped;*

    u.    *Any other acts and/or omissions of Defendant, not presently known to Plaintiff, but which may become known during the discovery phase of this lawsuit.*

20. That Plaintiff's injuries and losses, as described above, are caused, directly and proximately, by Defendants' negligence.

WHEREFORE, Plaintiff, **ABRAHIM M. NASSER** prays for a judgment against Defendants jointly and severally in whatever amount above $25,000.00 they he is found to be entitled, together with costs, interest and attorneys' fees so wrongfully sustained.

September 15, 2020        Respectfully Submitted:

**YATOOMA & ASSOCIATES, P.C.**

/s/ **Danielle S. Yatooma**
_____
**DANIELLE S. YATOOMA (P48979)**
**PAUL J. WAYNER (P73129)**
**GUILLIANA J. YATOOMA (P82480)**
**JASON F. HAGELTHORN (P73728)**
Attorneys for Plaintiff
29777 Telegraph Rd., Ste. 2400
Southfield, MI  48034
(248) 353-8885 Telephone
(248) 353-1326 Facsimile
yatoomalaw@gmail.com